UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAREQ IMBRAHIM | CIVIL ACTION |
| VERSUS | No. 22-1678 |
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY | SECTION: "J"(1) |

### ORDER & REASONS

Before the Court is *Motion to Remand* **(Rec. Doc. 9)** filed by Plaintiff, Tareq Imbrahim, and an opposition (Rec. Doc. 12) filed by Defendant, State Farm Fire & Casualty Company ("State Farm"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be denied.

### FACTS AND PROCEDURAL BACKGROUND

This case arises out of property damage as a result of Hurricane Ida. Plaintiff, Tareq Imbrahim, is an alleged policy holder of State Farm. However, State Farm claims that his insurance policy was issued by Dover Bay Specialty Insurance Company ("Dover Bay"), a company which is part of the State Farm Family of Companies.[1] As a result of the property damage due to Hurricane Ida, Plaintiff made a claim on his policy. Plaintiff claims that State Farm's payment to repair his home is inadequate, and when he invoked the appraisal clause provided in his insurance policy, State Farm refused to participate in the appraisal process. Subsequently,

---

[1] Notably, State Farm consents to Plaintiff filing a motion to amend his lawsuit to properly name and substitute Dover Bay as the Defendant in these proceedings. (Rec. Doc. 1, at 4).

1

Plaintiff filed a petition entitled "Petition for Declaratory Judgment on Applicability of Policy Appraisal Clause and for Summary Proceeding Pursuant to La. Civil Code of Civil Procedure [*sic*] Article 2591, et. seq." in the Twenty-Fourth Judicial District Court for the Parish of Jefferson. State Farm timely removed the suit to this Court. Now, Plaintiff seeks remand back to the 24th JDC.

## **LEGAL STANDARD**

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The amount in controversy required by § 1332(a) is currently $75,000. *Id.* The Court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

When the petition is silent on the exact amount of claimed damages, the removing party bears the burden of proving "by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). The removing party can satisfy this burden either:

"(1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) by setting forth *the facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). "Removal, however, cannot be based simply upon conclusory allegations." *Allen*, 63 F.3d at 1335. If the removing party can establish by a preponderance of the evidence that the amount in controversy exceeds the requisite amount, "[t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Grant*, 309 F.3d at 869 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). It is well settled that this is not a burden-shifting exercise; rather, the "plaintiff must make all information known at the time he files the complaint." *Id.*

## DISCUSSION

Plaintiff argues that the amount in controversy is less than the requisite $75,000 because he seeks no monetary relief at all. (Rec. Doc. 9-1, at 1). Specifically, he contends that he only seeks a declaratory judgment that State Farm failed to engage in the appraisal process in violation of the insurance policy. (*Id.* at 2). Nevertheless, Plaintiff avers that even if this Court finds he is seeking monetary relief, it is less than $75,000 when taking into consideration the amounts already paid and appropriate depreciation. (*Id.*). Plaintiff argues that the estimate he submitted to State Farm from a public adjuster indicated the replacement cash value of the damage sustained was $117,457.43. (*Id.* at 3). However, Plaintiff contends that

State Farm agreed that he had suffered $47,443.27 in replacement cash value so the disputed amount is only $70,014.21, which is less than the requisite $75,000. (*Id.*). In their notice of removal, however, State Farm claims that Dover Bay has paid Plaintiff a total of $30,212.68, which results in a dispute amount of $87,244.75, which exceeds $75,000. (Rec. Doc. 1, at 3).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). Past this general guidance, courts take different approaches. One main difference is important here – phrases or factors used to describe the "object" underlying a claim. Prior decisions from the Fifth Circuit offer clarifying language: (1) "the plaintiff's right sought to be enforced," *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 639 (5th Cir. 2003); (2) the plaintiff's "claimed injury," *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013); and (3) perhaps most comprehensively, "the right to be protected or the extent of the injury to be prevented," *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1252–53 (5th Cir. 1998) (internal citations and quotations omitted). All of these phrases conform to what is commonly known as the plaintiff-viewpoint rule, which the Fifth Circuit has consistently followed to determine the amount in controversy. *See Garcia*, 351 F.3d at 640 n.4 (noting that the Fifth Circuit has not abandoned the plaintiff-viewpoint rule); *see also A-Best Sewer & Drain Serv., Inc. v. A Corp*, No. 05-253, 2005 WL 1038419, at *2 (E.D. La. Apr. 22, 2005) (noting that "[t]he Fifth Circuit has consistently followed the plaintiff-viewpoint rule to determine

the amount in controversy"). Therefore, in an action seeking a declaratory judgment that a defendant must engage in the appraisal process under an insurance policy, the extent of the injury to be prevented to the plaintiff is the amount the plaintiff alleges the insurer defendant owes him. Or, put another way, the plaintiff's right sought to be enforced is his right to be paid by the insurer defendant the difference between the insurer's appraisal and his own.

Next, because declaratory judgments are given the value of the object being sought, the Court must determine the monetary amount that State Farm allegedly owes Plaintiff. Because Plaintiff argues that he is entitled to $117,457.43 total, if State Farm has already paid him $42,457.43 or more, then the amount in controversy does not exceed $75,000. Here, Plaintiff argues that State Farm agreed that he had suffered $47,443.27 in replacement cash value damage. (Rec. Doc. 9-1, at 3). Plaintiff's reliance on the $47,443.27 figure is based on State Farm's supplemental report of January 2022. (Rec. Doc. 9-4). However, this report is an estimate. (*Id.* at 1). Moreover, the Court, after looking at the exhibit, is unsure how Plaintiff came to the $47,443.27 figure. The first page details the Total Amount of Claim if Incurred as $33,085.40 for "Summary Coverage A – Dwelling – 35 Windstorm and Hail." (*Id.* at 3). The second page details the Net Payment as $5,973.51 for "Summary for Coverage A – Dwelling – 35 Windstorm and Hail – Water Mitigation." (*Id.* at 4). The final page details the Total Amount of Claim if Incurred as $8,621.65 for "Summary Coverage A – Other Structures – 35 Windstorm and Hail." (*Id.* at 5). The total of these amounts is $47,680.56. But, again, this number was State Farm's estimate to Plaintiff, not

their actual payment to Plaintiff. State Farm contends that per its Summary of Loss (Rec. Doc. 12-1), it has only paid a total of $30,212.68 to Plaintiff. (Rec. Doc. 12, at 4). The Summary of Loss shows that for "Coverage A – Dwelling," State Farm has paid Plaintiff $31,270.15. (Rec. Doc. 12-1 at 2). For Coverage A – Other Structures, State Farm has paid Plaintiff $4,542.53. (*Id.*). Less Plaintiff's deductible of $5,600, State Farm's net payment was $30,212.68. (*Id.* at 3). Moreover, State Farm contends they issued Plaintiff $1,285.57 in water extraction and remediation charges which are contained in the $117, 457.43 public adjuster estimate. (*Id.* at 4). Therefore, because Plaintiff is claiming he is entitled to $117,457.43 total, and State Farm has already paid Plaintiff $31,498.25, the remaining amount Plaintiff seeks from State Farm is $85,959.18, which is in excess of the $75,000 jurisdictional amount for federal diversity jurisdiction.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff, Tareq Imbrahim's, *Motion to Remand* **(Rec. Doc. 9)** is **DENIED**.

New Orleans, Louisiana, this 1st day of August, 2022.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

6